No. 35,473

U. S. BENJAMIN and CORA E. BENJAMIN, *Appellants*, v. THE IN-
DEPENDENCE BUILDING & LOAN ASSOCIATION et al., *Appellees*.

(124 P. 2d 494)

Opin-
ion filed April 11, 1942.

*P. L. Courtright,* of Independence, was on the briefs for appellants.

*C. J. Bryant,* of Independence, was on the briefs for appellees.

The opinion of the court was delivered by

WEDELL, J.: This action was instituted for the purpose of obtain-
ing a declaratory judgment with respect to the rights of plaintiffs
and the defendant, Independence Building & Loan Association, under
a building. and loan association contract. Judgment was rendered
determining the amount due and owing to the defendant association.
The real estate mortgage was foreclosed and the property ordered
sold to satisfy the debt. It was, however, ordered that plaintiffs
be allowed thirty days from date of judgment within which to pay
the judgment before an order of sale should issue. Plaintiffs appeal.

It was plaintiffs' purpose in instituting the action to obtain an
adjudication of the amount properly due under the loan contract.
They claimed they owed nothing thereon, but in no event more than
$215. They prayed for such other relief as the court determined to
be proper under the facts. The defendant association contended
there was due and unpaid $785.75 at the time their answer was filed,
plus interest in the sum of $16.90, due for the month of April, 1941,
and each subsequent month thereafter. They also pleaded and con-
tended that if plaintiffs refused to make the payments on the loan
that the mortgage should be ordered foreclosed. The parties concede
that all the necessary contracts, both written and oral, including

pertinent association bylaws and all action taken by the board of directors of the defendant association, pertaining to the instant loan, were properly pleaded in order to obtain an adjudication of the controversy. The case was submitted to the court on the pleadings, admissions in open court and the stipulation of the parties. As a part of the judgment the court made specific findings, which were as follows:

1. "That prior to the 21st day of December, 1928, the Independence Savings & Loan Association was a corporation, organized and existing under the building and loan laws of the state of Kansas, and thereafter, and on or about the 27th day of June, 1935, changed its name to the Independence Building & Loan Association, in the manner provided by law, and thereafter, and on or about the 5th day of May, 1939, converted into First Federal Savings & Loan Association of Independence, under the Home Owners' Act of 1933, 48 U. S. statutes 128, and is now the holder and owner of the mortgage involved in this action.

2. "That on the 21st day of December, 1928, Roy L. Abbott and Hulda L. Abbott, his wife, for a good and valuable consideration, made, executed and delivered to said association their certain promissory note in writing, whereby they agreed to pay said association the sum of $2,600 upon 26 shares of class 'K' of the capital stock of said association, evidenced by certificate No. 874, and to pay dues upon said shares, together with interest upon the amount so advanced, payable in monthly installments of $29.90, on or before the 25th day of January, 1929, and a like sum on or before the 25th day of each and every month thereafter, to and including the month of February, 1939.

3. "That as part and parcel of said contract, and at the same time and place, and for further security of said loan, said Roy L. Abbott and Hulda L. Abbott did grant, sell, convey and warrant unto said association, its successors and assigns, all the following described property, situate in Montgomery county, Kansas, to wit: [Description of real estate], which said mortgage was duly acknowledged and filed in the office of the register of deeds of said county and state.

4. "That on or about the 30th day of September, 1930, the plaintiff, U. S. Benjamin, entered into a written contract with the said Roy L. Abbott and Hulda L. Abbott for the purchase of said above-described property and to assume the mortgage of said association and to make payments to said association of the sum of $29.90 on October 25, 1930, and on the 25th day of each month thereafter until said loan should be paid.

5. "That plaintiffs thereafter made said payments of $29.90 each and every month until June, 1932, at which time plaintiffs requested that payments be reduced to $26.90 per month, and with consent of the association, made payments of $26.90 each month thereafter until the month of April, 1933, when plaintiff again requested that payments be reduced to $20, and with the consent of the association, made payments of $20 per month thereafter up to and including the month of March, 1941.

6. "That the bylaws of the association, in force at the time of the execu-

tion of mortgage herein, provided for payments on class 'K' stock for term of 122 months of $1.15 per month per $100 and to be applied, as follows: Dues, 50¢ per share and interest 65¢ per $100.

7. "That the association, in accordance with the bylaws, applied payments, first, on interest and balance on dues on stock, and credited dividends each six months on the dues paid in and also on credited dividends, at the rate of 8 percent per annum, excepting for the months of April, May and June, 1935, when the association credited payments of interest amounting to $50.70 to dues on stock in lieu of dividends for said period of six months, which dividends would have amounted to $37.85.

8. "That the said plaintiff has failed to make payments on said loan for more than six months last past, and, crediting plaintiff with dividend of $72.44 declared by the association on said stock, as of June 30, 1941, and subsequent to filing of this suit, there is due First Federal Savings & Loan Association of Independence, the sum of $796.35 with interest at 7.8% per annum from this date.

9. "That plaintiffs instituted this action for a declaratory judgment of the amount due, and that by reason thereof has defaulted in the payments on said loan and should be granted thirty (30) days in which to pay the amount due thereon."

Judgment was rendered in accordance with the findings made. The mortgage was ordered foreclosed, the conditional order of sale as heretofore stated was made and the period of redemption was fixed at eighteen months.

The record does not disclose the findings of fact were challenged by plaintiff in any particular. Furthermore, we may say they are supported by the evidence. No error, if any, in that portion of the judgment which decreed foreclosure of the mortgage was called to the court's attention. At the time judgment was rendered plaintiffs had failed to make payments on the loan for more than six successive months last past and the mortgage was subject to foreclosure. (G. S. 1935, 17-1012.) The findings made by the court support the judgment. The note, mortgage, stock certificate and bylaws of the association constitute the contract and, insofar as they do not contravene the statutory law, are enforceable according to their terms. (Railroad Bldg., L. & S. Ass'n v. Fitzpatrick, 141 Kan. 654, 659, 43 P. 2d 219.) The record discloses the amount of plaintiffs' liability was determined in accordance with the terms and provisions of the contract and there is no showing the contract was invalid in any particular. The monthly interest due in the sum of $16.90 remained constant and whatever payments were made were properly first applied to interest due. The reduced monthly payments, allowed for plaintiffs' benefit, obviously left a very small

amount to be applied monthly to the retirement of the stock. The record discloses no reversible error.

One other matter requires our attention. Plaintiffs were, as previously stated, given thirty days from the date of judgment to pay the amount due and unpaid. It was ordered that if the judgment was not so paid that then and in that event, an order of sale should issue to the sheriff directing him to sell the property to satisfy the debt. We are now advised no order of sale had been issued. The defendant association, appellee, suggests that under the circumstances this court should grant plaintiffs additional time within which to pay the judgment before an order of sale is issued. No suggestion is made as to the exact period of time which should be allowed for that purpose. We have concluded, and therefore direct, that plaintiffs be given sixty days from the date of this decision, to wit: April 11, 1942, within which to pay the amount for which judgment was rendered and that if the judgment is not so paid that then the property be sold to satisfy the debt. In all other respects the judgment is affirmed.

HOCH, J., not participating.